**Milivia Yosana ORDONEZ–LOPEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–73262.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 7, 2011.

Susan Elizabeth Hill, Hill, Piibe & Villegas, Los Angeles, CA, for Petitioner.

OIL, Margot Nadel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Milivia Yosana Ordonez–Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review

for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Ordonez–Lopez contends she suffered harm from gang members during several incidents on account of her Christian religious beliefs. Substantial evidence supports the BIA's finding that Ordonez–Lopez failed to establish the required nexus to a protected ground because her religion was not "one central reason" for the mistreatment she experienced. *See Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir.2009). Accordingly, Ordonez–Lopez's asylum and withholding of removal claims fail. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir.2009).

Substantial evidence supports the BIA's denial of CAT relief because Ordonez–Lopez failed to establish it is more likely than not she will be tortured with the acquiescence of the Guatemalan government. *See Wakkary*, 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.